**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER V. RODENHURST, III, | No. 11-17032 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01237-GMS-MHB |
| v. | |
| KAY BAUMAN, M.D.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Hawaii state prisoner Walter V. Rodenhurst, III, appeals pro se from the

district court's summary judgment in his 42 U.S.C. §1983 action alleging

deliberate indifference, violations of his right of access to the courts, and state law

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Rodenhurst's Eighth Amendment claims because Rodenhurst failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference in providing medical care for his conditions, including his pancreatitis and hypertension, and in failing to provide him with a special diet in a consistent manner. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to establish deliberate indifference, the prisoner must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference"); *Toguchi*, 391 F.3d at 1057-58 (neither negligence nor a difference in medical opinion is sufficient to establish deliberate indifference).

The district court properly granted summary judgment on Rodenhurst's access-to-courts claim because Rodenhurst failed to raise a triable dispute as to whether he suffered actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (access-to-courts claim requires actual prejudice to contemplated or existing litigation, such as inability to meet a filing deadline or to present a claim).

The district court properly granted summary judgment on Rodenhurst's negligence claims because Rodenhurst failed to introduce expert testimony

11-17032

demonstrating that defendants' actions fell below the standard of care. *See Smith v. Hines*, 261 P.3d 1129, 1133 (Okla. 2011) (expert testimony is required to establish medical negligence unless it is readily apparent to a layman); *Ryan v. S.F. Peaks Trucking Co., Inc.*, 262 P.3d 863, 869-70 (Ariz. Ct. App. 2011) (same).

The district court properly granted summary judgment on Rodenhurst's claim relating to access to his private physician because, even assuming that section 353-13.5 of the Hawaii Revised Statutes creates a private right of action, Rodenhurst failed to raise a genuine dispute as to whether he complied with the administrative requirements for gaining such access. *See* Haw. Rev. Stat. § 353-13.5 (noting that "such care shall conform to the department's rules and established practices including any requirements concerning advance notice of visits with the prisoner").

The district court properly dismissed as time-barred Rodenhurst's claims stemming from his incarceration in Hawaii prior to his April 2006 transfer because Rodenhurst filed his complaint more than two years after exhausting administrative remedies for those claims. *See* Haw. Rev. Stat. § 657-7 (two-year statute of limitations for personal injury actions); *Jones v. Blanas*, 393 F.3d 918, 926-27 (9th Cir. 2004) (setting forth standard of review and noting that, "for actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal

injury actions"); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Rodenhurst's appeal of the denial of his request for a temporary restraining order is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

Rodenhurst's arguments concerning defendants' motion to dismiss for failure to exhaust are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**